FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURT
12/22/2021 10:26 A
CV 2021 12 1908

**IN THE COURT OF COMMON PLEAS**
**FOR BUTLER COUNTY, OHIO**

| | | |
|---|---|---|
| JASON THOMAS<br>4408 Poppy Dr.<br>Middletown, OH 45044 | ) ) ) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| FLINT GROUP, LLC<br>8660 Jacquemin Drive<br>West Chester, OH 45069 | ) ) ) ) | **COMPLAINT FOR**<br>**DAMAGES AND**<br>**INJUNCTIVE RELIEF** |
| **Serve also:** | ) ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| Flint Group, LLC<br>c/o CT Corporation System (Stat. Agent)<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | ) ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Jason Thomas by and through undersigned counsel, as his Complaint against the

Defendant, states and avers the following:

## PARTIES

1. Thomas is a resident of the city of Middletown, Butler County, Ohio.

2. Defendant FLINT GROUP, LLC ("Flint") is a foreign-incorporated, for-profit company

   that conducts business throughout the state of Ohio.

3. The relevant location at which the events and omissions of this Complaint took place was

   8660 Jacquemin Drive, West Chester, OH 45069.

4. Flint is, and was at all times hereinafter mentioned, Thomas's employer within the meaning of R.C. § 4112 et seq., R.C. § 4123.90, R.C. § 4113 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e.

5. On or about September 21, 2021, within 300 days of the adverse employment actions described herein, Thomas filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. The Charge of Discrimination is currently pending before the EEOC, and Thomas intends to amend this Complaint to include claims of race discrimination and retaliation under R.C. § 4112 et seq. and Title VII.

## JURISDICTION & VENUE

7. All of the material events alleged in this Complaint occurred in or around Butler County, Ohio.

8. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

9. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

10. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

11. Thomas is a former employee of Flint.

12. At all times noted herein, Thomas was qualified for his position(s) with Flint.

13. At all times noted herein, Thomas could fully perform the essential functions of his job(s), with or without a reasonable accommodation.

14. Thomas is Caucasian, placing him in a protected class for his race.

2

15. Thomas worked for Flint as a Shipping/Receiving Associate from June 4, 2017, until Flint unlawfully terminated Thomas's employment on June 30, 2021.

16. Thomas observed safety violations at Flint and began reporting them to his supervisor, Joe Menninger, in April 2021. Menninger ignored Thomas's reports.

17. After his reports to Menninger, Thomas injured his back and neck on April 17, 2021, from the very same safety issue he reported to Menninger.

18. Thomas then properly filed a workers' compensation claim.

19. Thomas missed two days of work due to this injury and requested unpaid time off so that he would not have to use his paid time off for a workplace accident.

20. Menninger denied Thomas's request and forced Thomas to use PTO even though Menninger disparately approved unpaid time off for other employees.

21. When Thomas asked why he was being treated differently, Menninger announced that he changed the policy for unpaid time off for injuries.

22. However, Menninger continued to allow other employees who did not file worker's compensation claims to take unpaid time off.

23. Menninger and Bryan Sweeny, the plant manager, retaliated against Thomas for filing a workers' compensation claim by making him lift boxes although Thomas was on light duty after his injury, thus breaking his restrictions.

24. Thomas filed numerous complaints with Flint's HR department representative, Michelle (LNU), regarding Menninger and Sweeny's mistreatment and retaliation – these were protected complaints of continued discrimination and retaliation.

3

25. Despite Thomas's complaints about being harassed by Menninger and Sweeny for filing a worker's compensation claim, Flint terminated Thomas weeks after his worker's compensation claim.

26. Thomas moved to the West Chester location in March 2019 as the only HAZMAT-certified employee at the site.

27. Thomas observed multiple violations of Ohio law regarding the treatment and shipping of hazardous materials.

28. Thomas reported the violations to his Supervisor verbally and in writing, Menninger, but Menninger ignored Thomas's reports.

29. Many of the violations were done by Menninger or at his request.

30. Thomas believed that many of the violations he witnessed were federal crimes that could result in serious injury from hazardous materials.

31. Thomas understood that Menninger was not going to correct the violations he reported so Thomas reported the violations to Flint's Ethics department.

32. Thomas filed approximately six or seven reports with Ethics including pictures and detailed descriptions of the violations he saw – these, among the other previous complaints, were protected whistleblowing reports.

33. Flint ignored Thomas's reports and failed to correct or address the violations.

34. Thomas reported that Menninger repeatedly asked him to violate safety laws.

    a. This included, but was not limited to, shipping hazardous materials without the proper labeling and placing new labels on expired products indicating otherwise.

35. Since Thomas was personally liable for these federal violations, Thomas refused Menninger's requests, but Menninger told Thomas that he would find someone else to do it.

36. In May 2021, Sweeny forged Thomas's signature on HAZMAT shipping documents without Thomas's knowledge.

37. Thomas confronted Sweeny about his behavior and Sweeny admitted the forgery and stated he would not do it again.

38. Thomas reported Sweeny forging his signature on HAZMAT documents prior to an audit, but Flint refused to prevent or correct the violations Thomas reported.

39. Flint terminated Thomas's employment in retaliation for reporting violations of HAZMAT safety laws.

40. Additionally, Thomas faced discrimination due to his race during his time with Flint.

41. In or around April 2019, Thomas had to take bereavement leave for the unfortunate passing of his father.

42. Menninger asked if Thomas planned on taking his full five days off, which he did.

43. But disparately, in or around late 2020, Dannie Elery (African American, male) was allowed more than five days off for his bereavement.

44. Further, Elery consistently took late lunches throughout his employment with Flint, typically being only a few hours before the end of his shift.

45. Elery was consistently allowed that late lunch, despite that he only worked for up to one hour after before the end of his shift.

46. Thomas had one late-scheduled lunch in Spring 2021. Disparately, Menninger reprimanded Thomas for taking the late lunch.

47. Thomas complained to Menninger that this was discriminatory (asking if the reason he was reprimanded, when Elery was not, was due to his race), but Menninger had no response.

48. Flint's purported reason(s) for Thomas's employment termination was clearly pretextual.

49. Flint actually terminated Thomas's employment discriminatorily against his race, and/or in retaliation for filing for Workers' Compensation benefits and protected discrimination and whistleblowing complaints.

50. As a result of the above, Thomas has suffered and will continue to suffer damages.

**COUNT I: VIOLATION OF OHIO WHISTLEBLOWER STATUTE R.C. § 4113.52**

51. Thomas restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

52. During his employment, Thomas made protected complaints of workplace safety issues and illegal actions taken by Flint.

53. Thomas reasonably believed that these reports were of illegal and unsafe actions by Flint, which the company could correct.

54. In the alternative, Thomas reasonably believed these were unlawful acts that threatened the public's health or safety.

55. When Thomas first noticed this issue, he verbally complained to Defendant regarding this conduct.

56. Thomas gave Defendant an opportunity to cure the reported misconduct.

57. Thomas then made written complaints of the same issues to Defendant.

58. When Thomas reported the violations both verbally and in writing, Defendant retaliated against him by threatening to terminate his employment if he continued making these protected complaints.

59. Defendant then terminated Thomas' employment.

60. Defendant's cited reason for Thomas' termination was pretextual.

61. Defendant actually terminated Thomas' employment in retaliation against his protected whistleblower reports.

62. Defendant's termination of Thomas was in violation of R.C. § 4113.52.

63. As a direct and proximate result of Defendant's conduct, Thomas has suffered and will continue to suffer damages.

**COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

64. Thomas restates each and every prior paragraph of this Complaint as if it were fully restated herein.

65. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating and/or retaliating against an employee because he/she engages in a protected activity under Ohio law.

66. A clear public policy exists and is manifested in R.C. § 4101.11 and R.C. § 4101.12 stating that "[e]very employer shall furnish employment which is safe for the employees engaged therein," and "[n]o employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe…"

67. The Ohio Supreme Court recognized that Ohio allows an individual to seek a public policy claim if she is terminated in retaliation for reporting to her employer that she is forced to work in an unsafe work environment. *Greeley v. Miami Valley Maintenance Contrs., Inc.*, (1990), 49 Ohio St.3d 228. *See also Pytlinski v. Brocar Products, Inc.*, 94 Ohio St.3d 77 (Ohio 2011); *Jenkins v. Cent. Transp., Inc.*, No. 09CV525, 2010 WL 420027 (N.D. Ohio Jan. 29, 2010).

68. A clear public policy exists and is manifested in Ohio statutes, and/or administrative regulations, or in the common law, against terminating an employee based on his complaints of dangerous, unsafe, or illegal activity.

69. Defendant's termination of Thomas jeopardizes these public policies.

70. Defendant's termination of Thomas was motivated by conduct related to these public policies.

71. Defendant had no overriding business justification for terminating Thomas.

72. As a direct and proximate result of Defendant's conduct, Thomas has suffered and will continue to suffer damages.

## COUNT III: WORKER'S COMPENSATION RETALIATION

73. Thomas restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Thomas, during his employment with Defendant, was injured while at work.

75. Thomas then filed a worker's compensation claim due to that workplace injury.

76. After filing a Workers' Compensation claim, Flint began retaliating against Thomas by, among other things, treating him different than his colleagues and terminating his employment.

77. Thomas's employment termination was an adverse employment action against him.

78. The temporal proximity between Thomas filing his Workers' Compensation claim and his employment termination implies that Thomas was fired in retaliation for filing the Worker's Compensation claim.

79. Because Thomas was discharged for filing a claim for Worker's Compensation benefits,

80. Thomas is therefore entitled to recover damages from Flint for its wrongful discharge of his in retaliation for filing a claim for Worker's Compensation benefits under R.C. § 4123.90.

81. As a direct and proximate result of Flint's conduct, Thomas has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Thomas demands from Defendant the following:

a) Issue a permanent injunction:

    i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Thomas's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Thomas for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Thomas's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

__/s/ Evan R. McFarland____
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
    Trial Attorney
Brianna R. Carden (0097961)
THE SPITZ LAW FIRM, LLC
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

Attorneys for Plaintiff Jason Thomas

## **JURY DEMAND**

Plaintiff Jason Thomas demands a trial by jury by the maximum number of jurors permitted.


　　　　　　　　　　　　　　　/s/ Evan R. McFarland
　　　　　　　　　　　　　　　Evan R. McFarland (0096953)